IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA BIBB,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHASTA COUNTY HEALTH AND<br>HUMAN AGENCY, et al.,<br><br>　　　　　Defendants. | No. 2:22-CV-01894-KJM-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, who is proceeding pro se brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

　　　　The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, a court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Because Plaintiff has been granted leave to proceed in forma pauperis, the Court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter

jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as Defendants: (1) Alicia Endecott, social worker, (2) Christian Cumpston, social worker, (3) Molly Bigelow, Judge, (4) Tina Martinez, social worker, (5) Shasta County Counsel, (6) Diane Fisher, Deputy County Counsel, and (7) Jennifer Ayers, Public Defender.  See ECF No. 1, pgs. 2-3. All Defendants are named in their individual capacities.  See id.

Generally, Plaintiff claims her Fourteenth Amendment rights have been violated by the actions of Shasta County Child Protective Services ("CPS") social workers and court officers. See ECF No. 1, pgs. 8-9.  Plaintiff also claims that by CPS removing her children from her care, interviewing her children at school, and conducting a sexual assault examination of her child without her consent or presence, such actions constitute an unlawful search and seizure in violation of her Fourth Amendment rights. See id., pgs. 10-12.  Plaintiff bases her contentions on Defendants' actions taken pursuant to State law.  Cal. Welf. & Inst. Code § 300, et seq.

Plaintiff alleges that CPS social workers have removed her children from her care without cause, have withheld information pertaining to her children, and conducted unlawful investigations with her children without her consent or presence.  See ECF No. 1, pgs. 10-13. Plaintiff further asserts that Defendants have "blocked any and all meaningful access" to the juvenile court in various ways, including not providing her with proper notice of hearings, denied her physical and conversational contact with her child, and that Defendants have fabricated evidence against her. Id.; see also pgs. 8-9.  Plaintiff also alleges that Defendant Bigelow, Shasta County Judge, "ignored" Plaintiff when she appeared in court before the Judge. Id., pgs. 10-11.

Plaintiff seeks the following relief: (1) immediate return of her children, (2) her constitutional rights acknowledged (3) that Defendants "suffer according to law," (4) an audit and investigation into CPS's corruption and the "kidnapping" of children "in plain sight illegally" stops, and (5) an apology from each of the Defendants.  Id., pg. 14.

///

2

## II. DISCUSSION

In considering whether a complaint states a claim, a court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

As discussed below, the undersigned recommends abstaining from adjudicating Plaintiff's claims under Younger v. Harris, 401 U.S. 37 (1971)

Since there is a pending state court action on the child protective custody issues raised in Plaintiff's complaint, the undersigned must consider whether this action should be stayed or dismissed under the abstention doctrine established in Younger v. Harris, 401 U.S. 37 (1971).[1] Younger abstention is concerned with overlapping principles of equity, comity, and federalism and directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings in certain situations. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Gilbertson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004). While Younger established that federal courts must refrain from enjoining or interfering with a parallel, pending criminal proceeding in state court, see Younger, 401 U.S. at 49-53, the doctrine has subsequently been extended to "particular state civil proceedings that are akin to criminal prosecutions . . . or that implicate a state's interest in enforcing the orders and judgments of its courts. . . .". Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 70 (2013) (citations and

---

[1] A court can raise Younger abstention *sua sponte*. See San Remo Hotel v. City and Cty. of San Francisco, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

3

quotations omitted).  To warrant Younger abstention, a state civil action must fall into one of the above categories.

Claims under 42 U.S.C. § 1983 that turn on alleged violations of constitutional rights arising in the course of ongoing state court proceedings also implicate the same grounds for abstention. Gilbertson, 381 F.3d at 979-980.  Therefore, in civil cases, Younger abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges. ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014).

Civil enforcement proceedings are "akin to a criminal prosecution" when enforcement actions are initiated by the State to sanction the federal plaintiff (*i.e.*, the party challenging the state action) for some wrongful act. Sprint Commc'ns, Inc., 571 U.S. at 70.  A state actor is routinely a party to the state proceeding and often initiates the action. See, e.g., Moore v. Sims, 442 U.S. 415, 419-420 (1979) (state-initiated proceeding to gain custody of children allegedly abused by their parents).  Investigations are commonly involved and often culminate in the filing of a formal complaint or charges. See id. at 429 (challenging constitutionality of statutorily authorized pre-seizure investigative procedures in federal complaint).

Moore v. Sims, 442 U.S. 415 (1979) is illustrative.  In Moore, parents challenged the constitutionality of parts of the Texas Family Code that permitted removal of their children following allegations of child abuse. Id. at 418-20. Prior to the parents' action, the state had initiated proceedings alleging child abuse, leading to an investigation and subsequent custody hearings. See id. The Supreme Court ultimately determined that the Federal District Court should not have exercised jurisdiction in the matter, and should have abstained under Younger. Id. at 423-35.  The facts here and Plaintiff's claims are similar to those in Moore.  Plaintiff is seeking an injunction for the return of her children.  Based on Plaintiff's allegations, the State of California has initiated some proceedings regarding the care of Plaintiff's children, there has been an investigation, and there has been at least one hearing on the protective custody matter.

4

Further, since Plaintiff does not appear to have had her children returned, it is apparent that there are still ongoing state proceedings. It is clear from Plaintiff's complaint that the State of California has initiated a quasi-criminal enforcement action against Plaintiff regarding child protective custody issues.

Additionally, California has important state interests in enforcing judgments and orders concerning the parent-child relationship at issue. See Moore, 442 U.S. at 426 ("Family relations are a traditional area of state concern); H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000) (noting "a state has a vital interest in protecting the authority of the judicial system, so that its orders and judgments are not rendered nugatory" especially regarding domestic relations "over which federal courts have no general jurisdiction, and in which the state courts have special expertise and experience"); Peterson v. Babbit, 708 F.2d 465, 466 (9th Cir. 1983) ("The strong state interest in domestic relation matters, the superior competence of state courts in settling family disputes because regulations and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate."). Since this is a domestic issue, the State has a vested interest in this matter.

Plaintiff also has an adequate opportunity in the State court to raise federal questions and concerns that affect her constitutional rights. She has opportunities under California law to file motions or to request certain forms of relief from the State court to address any alleged violations of her constitutional rights relative to the child protective custody proceedings. Plaintiff asserts that she appeared on November 23, 2020, and appeared in court representing herself in that she has been "in school for 2 and a half years now for [sic] ultimately be a successful attorney," that she read to Defendant Judge Bigelow "a brief that she had written" that included the "false allegations" against her. ECF No. 1, pgs. 10-11. The State court is well-equipped to address Plaintiff's constitutional arguments and she may appeal any decisions by the State court to the California Supreme Court after final judgment. Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (finding no abuse of discretion for abstention because "[i]f the constitutional claims in [a child custody case] have independent merit, the state courts are competent to hear

them. . . .").

Therefore, this is precisely the type of case suited to Younger abstention. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of Younger abstention exist in a particular case. Green v. City of Tucson, 255 F.3d 1086, 1093 (9th Cir.2001) (en banc) overruled on other grounds by Gilbertson, 381 F.3d 965. The recognized exceptional circumstances are limited to a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)).

Here, Plaintiff alleges that Defendants "unlawfully detain[ed] and [held] her children against [her] will and without cause" and that on November 6, 2020, "the police and swat team arrived for domestic violence [and she] was told to come outside" but that "her kids appeared clean and healthy with no marks." ECF No. 1, pgs. 8, 10. Plaintiff goes on to allege that Defendants have not performed the required investigations, have "crafted counterfeit allegation[s]" against her, interviewed her children at school without her presence, lied to get emergency removal orders, and performed a sexual assault examination on her child without parental consent or presence. Id., pgs. 11-12. Based on these vague and conclusory allegations, Plaintiff has not demonstrated a factually supported theory that Defendants have acted in bad faith, engaged in harassment, or involved some other extraordinary circumstance that would make abstention inappropriate in the ongoing state proceedings.

Thus, the undersigned finds no circumstances exist in this case that warrant application of the referenced exception to abstention.

Younger abstention applies differently to claims for monetary damages and claims for injunctive and declaratory relief. Where injunctive and declaratory relief is sought, a dismissal of those claims is appropriate. Gilbertson, 381 F.3d at 981. But where monetary damages are sought, the federal court should stay, rather than dismiss those claims, until after the state court proceedings are no longer pending. Id. at 981-82.

///

///

From Plaintiff's complaint, it appears she requests only injunctive and declaratory relief. Plaintiff seeks to have her children returned to her "immediately," an apology from Defendants, an audit and investigation into the "kidnapping" of children "in plain sight illegally," her constitutional rights to be acknowledged, and for Defendants to "suffer the consequences of their violations according to the law." <u>See</u> ECF No. 1, pg. 14. From this, the undersigned does not construe her requests as seeking monetary damages. Therefore, because Plaintiff does not seek monetary damages, the proper course of action is to dismiss this matter without prejudice.

### III.  CONCLUSION

For the reasons stated above, the undersigned recommends as follows:

1. Plaintiff's complaint be dismissed without prejudice as required by <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

2. Plaintiff's request for access to the Court's electronic filing system, ECF No. 3, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 11, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE