IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA BIBB,<br><br>  Plaintiff,<br><br>  v.<br><br>SHASTA COUNTY HEALTH AND HUMAN AGENCY, et al.,<br><br>  Defendants. | No. 2:22-cv-01894-DC-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's first amended complaint, ECF No. 10.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

/ / /

1

The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKROUND

### A. Procedural History

On October 21, 2022, Plaintiff filed the original complaint, ECF No. 1, and a motion to proceed in forma pauperis, ECF No. 2. The Court granted Plaintiff's motion to proceed in forma pauperis, ECF No. 5, on November 9, 2022. In accordance with the screening requirement, the Court issued findings and recommendations on April 12, 2023. See ECF No. 7. There, the Court determined Younger abstention was appropriate because there were ongoing state custody proceedings and Plaintiff sought injunctive and declaratory relief. See id. at 6. Plaintiff filed objections to these findings and recommendations requesting leave of court to amend her complaint to seek monetary damages. See ECF No. 8, pg. 1. Plaintiff also asserted that the state court proceedings concluded and the Court erred in finding Plaintiff failed to provide facts to show that Defendants acted in bad faith. See id. at 4. The District Judge declined to adopt the findings and recommendations, granting Plaintiff's request for leave to amend. See ECF No. 9. Plaintiff filed the amended complaint on September 5, 2023. See ECF No. 10. Plaintiff subsequently filed an appeal on the basis that a motion has been pending for longer than 4 months. See ECF No. 12. On December 19, 2024, the appeal was dismissed for lack of jurisdiction. See ECF No. 16. On January 10, 2025, the Ninth Circuit issued the mandate

restoring jurisdiction to this Court. See ECF No. 17.

### B. **Plaintiff's Allegations**

Plaintiff's first amended complaint begins with a one-page claim for $200,000 in damages due to her suffering from "severe depression since the day [her] children were illegally and unconstitutionally taken by Shasta County Health and Human Agency." See ECF No. 10 at 2. Attached to this page is the District Judge's order, ECF No. 9, the Magistrate Judge's findings and recommendations, ECF No. 7, Plaintiff's objections, ECF No. 8, and Plaintiff's original complaint, ECF No. 1. See id. at 4-54. Based on Plaintiff's objections and that she attached her original complaint to the amended complaint, the Court assumes Plaintiff is re-asserting her claims as described in the original complaint and therefore, only amending her request for relief to include monetary damages. The Court previously summarized Plaintiff's allegations from her original complaint as follows:

> Plaintiff names the following as Defendants: (1) Alicia Endecott, social worker, (2) Christian Cumpston, social worker, (3) Molly Bigelow, Judge, (4) Tina Martinez, social worker, (5) Shasta County Counsel, (6) Diane Fisher, Deputy County Counsel, and (7) Jennifer Ayers, Public Defender. See ECF No. 1, pgs. 2-3. All Defendants are named in their individual capacities. See id.
> Generally, Plaintiff claims her Fourteenth Amendment rights have been violated by the actions of Shasta County Child Protective Services ("CPS") social workers and court officers. See ECF No. 1, pgs. 8-9. Plaintiff also claims that by CPS removing her children from her care, interviewing her children at school, and conducting a sexual assault examination of her child without her consent or presence, such actions constitute an unlawful search and seizure in violation of her Fourth Amendment rights. See id., pgs. 10-12. Plaintiff bases her contentions on Defendants' actions taken pursuant to State law. Cal. Welf. & Inst. Code § 300, et seq.
> Plaintiff alleges that CPS social workers have removed her children from her care without cause, have withheld information pertaining to her children, and conducted unlawful investigations with her children without her consent or presence. See ECF No. 1, pgs. 10-13. Plaintiff further asserts that Defendants have "blocked any and all meaningful access" to the juvenile court in various ways, including not providing her with proper notice of hearings, denied her physical and conversational contact with her child, and that Defendants have fabricated evidence against her. Id.; see also pgs. 8-9. Plaintiff also alleges that Defendant Bigelow, Shasta County Judge, "ignored" Plaintiff when she appeared in court before the Judge. Id., pgs. 10-11.
> Plaintiff seeks the following relief: (1) immediate return of her children, (2) her constitutional rights acknowledged (3) that Defendants "suffer according to law," (4) an audit and investigation into CPS's corruption and the "kidnapping" of children "in plain sight illegally" stops, and (5) an apology from each of the Defendants. Id., pg. 14.

ECF No. 7, pg. 2.

|   |   |
|---|---|
| 1 | In Plaintiff's objections, filed as ECF No. 8 and attached to the amended |
| 2 | complaint, she asserts that she is seeking monetary damages under a claim of Intentional |
| 3 | Infliction of Emotional Distress. See ECF No. 10, pg. 7. The objections also include an allegation |
| 4 | that custody of O.D. was granted to O.D.'s father even though he did not have a valid drivers |
| 5 | license, which violates "a rule in M.B court." Id. at 8. Further, Plaintiff contends that O.D. "is |
| 6 | now gang affiliated due to her dad's role modeling that Defendant M. B and C. C put her with." |
| 7 | Id. Plaintiff states that she has "proof of everything I claim on the defendants as well." Id. Finally, |
| 8 | Plaintiff asserts that she "had the defendants workplace investigated and audited and that was a |
| 9 | success," finding "that more than half of the children taken by defendants are unaccounted with |
| 10 | no substantial reason behind taking these children." Id. at 9. |
| 11 |   |
| 12 | **II. DISCUSSION** |
| 13 | Based on Plaintiff's representation that state court proceedings have concluded, the |
| 14 | action is no longer barred by Younger abstention. However, Plaintiff's claims for injunctive relief |
| 15 | and those arising from allegations of due process violations are barred by Rooker-Feldman. As |
| 16 | currently pled, it is not clear if Plaintiff's allegations of extrinsic fraud are barred by Rooker- |
| 17 | Fedlman and leave to amend is appropriate for the reasons described below. Plaintiff alleges a |
| 18 | cognizable Fourth Amendment claim against Defendant Endecott. Finally, Plaintiff makes a |
| 19 | generalized assertion that additional rights were violated but because she does not provide any |
| 20 | facts underlying such claims, those claims should be dismissed. |
| 21 | **A.     Younger Abstention** |
| 22 | When state court proceedings are ongoing, federal action may be barred under the |
| 23 | doctrine announced in Younger v. Harris, 401 U.S. 37 (1971).  To determine if Younger |
| 24 | abstention is appropriate, the Ninth Circuit requires that four requirements are present: (1) an |
| 25 | ongoing state judicial proceeding; (2) such proceeding implicates important state interests; (3) |
| 26 | there is an opportunity to raise the constitutional challenges in the state proceedings; and (4) the |
| 27 | relief sought "'seeks to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial |
| 28 | proceeding." See Duke v. Gastelo, 64 F.4th 1088, 1094 (9th Cir. 2023) (quoting Arevalo v. |

Hennessy, 882 F.3d 763, 765 (9th Cir. 2018)). Plaintiff asserts that state court proceedings have concluded. See ECF No. 8, pg. 4. Based upon that representation, the Court finds Younger abstention is no longer appropriate.

### B. **Rooker-Feldman Abstention**

Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). For jurisdiction to be barred under Rooker-Feldman abstention, the plaintiff must be both seeking relief from state court judgment and "allege[] a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013); see also Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004) (holding "Rooker-Feldman thus applies only when the federal plaintiff both asserts as her legal error or errors by the state court and seeks as her remedy relief from the state court judgment.").

To determine if a claim for damages arising from a state ruling is barred by Rooker-Feldman, the court must consider whether the alleged damages "flow[] from the judgment." See Blakeley v. Gunderson, No. 23-35061, 2024 U.S. App. LEXIS 1389, at *3-4 (9th Cir. Jan. 22, 2024); McCoy v. Uale, No. 21-16877, 2022 U.S. App. LEXIS 28912, at *2 (9th Cir. Oct. 18, 2022); see also Hook v. Winmill, No. 22-36065, 2023 U.S. App. LEXIS 33473, at *2 (9th Cir. Dec. 18, 2023) (holding that suits against Judges and the Court are 'de facto' appeals barred by Rooker-Feldman and judicial immunity).

Allegations of "extrinsic fraud on a state court is not alleging a legal error by the state court" and thus, are not necessarily barred by Rooker-Feldman. See Kougasian, 359 F.3d at 1140-41 (holding that "a plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party . . . . Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act

5

committed by the party or parties who engaged in the fraud."). However, if a claim of extrinsic fraud was raised at the state court proceedings and the merits were addressed in such proceedings, Rooker-Feldman bars subsequent adjudication by the federal courts. See Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 860 (9th Cir. 2008).

A due process violation requires that an individual is deprived of a protected liberty or property interest. See U.S. Const. Amend. XIV §1. A due process claim arising out of a state-court proceeding is an allegation of a legal error and would be barred by Rooker-Feldman because the harm, deprivation of a protected interest as a result of the state court determination, necessarily flows from the state court judgment. Thus, a plaintiff would need to allege a property or liberty interest outside of the state-court decision for a due process claim to survive Rooker-Feldman abstention.

To the extent that Plaintiff seeks injunctive or declaratory relief, Rooker-Feldman abstention is appropriate because Plaintiff is seeking relief from the state court's judgment and alleges a legal error. Because Plaintiff amended her complaint to seek monetary damages, the Court will consider whether such damages are also barred by Rooker-Feldman.

Plaintiff alleges various due process violations generally claiming, "Shasta county (sic) social workers blocked any and all meaningful access from me to the juvenile court." ECF No. 10, pg. 46. Plaintiff includes examples of such violations, generally alleging that she was denied timely notice of hearings in violation of various California Welfare and Institutions Codes, thus depriving Plaintiff if a meaningful opportunity to prepare for such hearings. See id. at pg. 46 and 48.  Rooker-Feldman abstention is appropriate as to these claims because Plaintiff is alleging due process violations where her Constitutionally protected parental rights were violated. This is an allegation of legal error and any remedy necessarily flows from the state court custody determination. Thus, these claims are not actionable in this Court and the undersigned will recommend dismissal of such claims.

///

///

///

Plaintiff makes allegations of extrinsic fraud which do not require Rooker-Feldman abstention if the merits of such allegations were not addressed by the state court. Plaintiff asserts that Defendant Ayers "fabricat[ed] evidence against [her]." ECF No. 10, pg. 44. Additionally, Plaintiff contends that Defendant Endecott "fabricated lies." Id. at 45. The complaint fails to allege specific facts about what was fabricated. Additionally, Plaintiff concedes that she did raise the issue of "false allegations held against me" in court to Judge Bigelow, who "ignored me as if she knew what was happening was against the law and against the constitution." Id. at 45-46. As currently pled, it is unclear if the state court ruled on the merits of such claims. Leave to amend will allow Plaintiff the opportunity to provide specific facts explaining the fabrications and to clarify if the state court ruled on the merits of such allegations.  As such, the Court will recommend that Plaintiff be granted leave to amend as to the claims of extrinsic fraud.

Plaintiff's Fourth Amendment claim falls outside Rooker-Feldman because Plaintiff is not seeking relief from a state court judgment on those claims and the harm alleged does not necessarily arise from a state court judgment. Thus, abstention as to that claim is not appropriate under Rooker-Feldman.

### C. Fourth Amendment Claim

The Fourth Amendment protects individuals from unreasonable search and seizure by the government. See U.S. Const. amend. IV.  The right to protection under the Fourth Amendment arises when an individual has a "reasonable expectation of privacy in the subject of the . . . search." United States v. Yang, 958 F.3d 851, 858 (9th Cir. 2020).  Plaintiff asserts that her daughter "was seized from her school [by Defendant Endecott] and a police officer, without a warrant, probable cause, exigent circumstances, or parental consent."  ECF No. 10, pg. 48. Plaintiff provides sufficient facts for a cognizable Fourth Amendment claim against Defendant Endecott and thus, the Court will recommend that claim proceed.

### D. Additional Allegations

A complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

588 F.2d 740, 743 (9th Cir. 1978). At the end of the complaint, Plaintiff makes a general claim that "several more of my rights were violated but taking my children without doing a proper investigation violates my 1, 4, 5, 6, 9, and 14th" amendment rights[1]. ECF No. 10, pg. 51. In Plaintiff's objections, she claims she is seeking damages for intentional infliction of emotional distress. See ECF No. 10, pg. 7. The Court addressed Plaintiff's claims that her Fourth and Fourteenth amendment rights were violated above because Plaintiff provided facts underlying such claims. As to claims arising from an allegation that Plaintiff's rights secured by the First, Fifth[2], Sixth, and Ninth amendments were violated and that Plaintiff suffered intentional infliction of emotional distress, Plaintiff fails to provide any facts underlying those claims or linking named defendants to such violations. Thus, the Court will recommend dismissal without leave to amend.

### III.  CONCLUSION

The Court has recommended that Plaintiff be granted leave to file amended complaint. If the recommendation is adopted and Plaintiff is granted leave to file an amended complaint, Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

---

[1] Plaintiff also makes a general claim that she "support[s] the sovereignty movement and that federal child welfare laws are in violation of the U.S constitutional 10th amendment" but the Court does not believe Plaintiff is making such claims in this action. ECF No. 10, pg. 51.

[2] The Court notes that claims arising under the Fifth Amendment require federal action. As currently pled, Plaintiff's allegations arise solely from state or individual action.

each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Based on the foregoing, the undersigned recommends as follows:

1. It is RECOMMENDED that this action proceed under Plaintiff's Fourth Amendment claim against Defendant Endecott.

2. It is RECOMMENDED that Plaintiff's due process claims alleging extrinsic fraud be DISMISSED WITH LEAVE TO AMEND.

3. It is RECOMMENDED that Plaintiff's additional due process claims and any claims seeking injunctive or declaratory relief be DISMISSED.

4. It is RECOMMENDED that any additional claims be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these amended findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 24, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

9