1

2

3

4

5

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JESSICA BIBB,                              No.  2:22-CV-01894-DC-DMC

12              Plaintiff,

13        v.                                    <u>ORDER</u>

14   SHASTA COUNTY HEALTH AND
     HUMAN AGENCY, et al.,
15
                Defendants.
16

17

18              Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

19   Court is Plaintiff's first amended complaint, ECF No. 10.

20              The Court is required to screen complaints brought by litigants who have been

21   granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under this screening

22   provision, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious;

23   (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a

24   defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2)(A), (B).  Moreover,

25   pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court

26   determines that it lacks subject matter jurisdiction.  Because plaintiff has been granted leave to

27   proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant

28   to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter

1   jurisdiction.

2          Initially, Plaintiff asserted several claims against multiple Defendants. See ECF

3   No. 10. The District Judge adopted Findings and Recommendations, ECF No. 18, dismissing all

4   of Plaintiff's claims, some with leave to amend, and permitting Plaintiff's Fourth Amendment

5   claim against Defendant Endecott to proceed. See ECF No. 20. In response, Plaintiff filed a notice

6   of non-opposition stating she wished to proceed on the Fourth Amendment claim against

7   Defendant Endecott and not amend the additional claims. See ECF No. 21. The Court will

8   construe Plaintiff's filing as a voluntary dismissal of the other claims and Defendants. See Fed. R.

9   Civ. P. 41(a)(1)(A)(i).  The remaining claims and Defendants will be dismissed, and the

10  complaint will proceed on Plaintiff's Fourth Amendment claim against Defendant Endecott.

11         In the surviving claim, Plaintiff asserts that her daughter "was seized from her

12  school [by Defendant Endecott] and a police officer, without a warrant, probable cause, exigent

13  circumstances, or parental consent." ECF No. 10, pg. 48.  The Court concludes that it has subject

14  matter jurisdiction, and that the complaint is appropriate for service by the United States Marshal

15  without pre-payment of costs.  If Plaintiff desires service of process by the United States Marshal

16  without pre-payment of costs, Plaintiff must comply with the requirements outlined below.

17  Plaintiff is warned that failure to comply with this order, or otherwise effect service pursuant to

18  Federal Rule of Civil Procedure 4, may result in dismissal of the action for lack of prosecution

19  and failure to comply with court rules and orders.  See Local Rule 110.

20         Accordingly, IT IS HEREBY ORDERED that:

21         1.     Defendants Shasta County Health and Human Agency, Cumpston,

22  Bigelow, Martinez, Shasta County Counsel, Fisher, and Ayers, are DISMISSED from this action

23  on Plaintiff's notice at ECF No. 21, which is construed as a notice of voluntary dismissal.

24         2.     The Clerk of the Court is directed to TERMINATE Shasta County Health

25  and Human Agency, Cumpston, Bigelow, Martinez, Shasta County Counsel, Fisher, and Ayers as

26  parties to this action.

27  / / /

28  / / /

3.      The Clerk of the Court shall issue a summons in a civil case, the

undersigned's new case documents, and an order setting this matter for an initial scheduling

conference.

4.      The Clerk of the Court shall send Plaintiff the summons, one USM-285

form, and a copy of the complaint.

5.      Within 15 days from the date of this order, Plaintiff shall complete the

summons by indicating the addresses of the named Defendant and shall submit to the United

States Marshal at the address indicated below the following documents:

        a.      The completed summons.

        b.      One completed USM-285 form for Defendant Endecott.

        c.      Two copies of the complaint.

        d.      One copy of the Court's initial scheduling conference order
            issued herewith.

6.      Within 20 days of the date of this order, Plaintiff shall file a notice

indicating that the documents described above have been submitted to the United States Marshal,

or a notice that Plaintiff intends to serve the summons and complaint without assistance from the

United States Marshal.

7.      If Plaintiff seeks the assistance of the United States Marshal, the United

States Marshal is directed to serve all process without pre-payment of costs not later than 60 days

from the date of this order, such service of process to be completed by serving a copy of the

summons, complaint, and initial scheduling conference order on the Defendants at the addresses

provided by Plaintiff.

8.      The Clerk of the Court is directed to serve a copy of this order on the

United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

Dated:  August 20, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE