IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA BIBB,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALICIA ENDECOTT<br><br>　　　　Defendant. | No. 2:22-CV-01894-DC-DMC<br><br><br>ORDER |

　　　　Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court are Plaintiff's request to reset, ECF No. 35, and motion for protective order, ECF No. 36.

　　　　As a preliminary matter, the Court will deny Plaintiff's request to reset as moot. Plaintiff did not attend the scheduling conference as ordered. The Court proceeded with issuing a scheduling order, after consulting parties' joint scheduling statement and conducting the scheduling hearing with Defendant. See ECF No. 34. Plaintiff filed a notice regarding the missed scheduling conference and requested to rest the conference. See ECF No. 35. In that filing, Plaintiff explained why she missed the conference and requested the Court reset the scheduling conference or proceed "pursuant to the Court's preference." Id. Given the Court set the schedule, ECF No. 34, and Plaintiff does not appear to oppose any of the set deadlines, Plaintiff's motion to reset is moot.

1

1      As to Plaintiff's motion for protective order, Plaintiff attached her correspondence with Defendant to show that Defendant's counsel "failed to engage in any meaningful meet-and-confer process." ECF No. 36, pg. 4. However, the attached documents show parties corresponding about their obligation to file a joint scheduling statement. The Court notes that in the emails, Defendant's counsel appears to be responsive and complying with obligations. There is no documentation reflecting that Plaintiff sought to meet and confer with Defendant regarding a protective order, as required by Local Rule 251 (b).

Based on parties' representations in their joint scheduling statement, it would appear that parties agree a protective order is necessary and therefore, conferring may result in agreement between parties on a proposed protective order. However, due to parties' failure to inform the Court of any efforts to meet and confer in accordance with Rule 251, it is unclear to the Court if the protective order sought is in dispute, or what Defendant's stance is on such order. Accordingly, the Court will deny Plaintiff's motion without prejudice and direct parties to meet and confer about a motion for protective order, in accordance with Rule 251 (b). If parties are unable to agree on a proposed protective order, they shall file a joint statement, in accordance with Local Rule 251 (c).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to reset, ECF No. 35, is DENIED AS MOOT;
2. Plaintiff's motion for protective order, ECF No. 36, is DENIED WITHOUT PREJUDICE; and
3. Parties are directed to meet and confer, in accordance with the requirements of Local Rule 251, before filing any subsequent motion for protective order.

Dated:  December 16, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE