**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JESSICA BIBB,

Plaintiff,

v.

ALICIA ENDECOTT,

Defendant.

No. 2:22-cv-1894-DC-ICD

ORDER

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court are the following: (1) Plaintiff's motion to shorten time to bring a motion to compel, ECF No. 46; (2) Defendant's motion to compel Plaintiff's attendance at her deposition, ECF No. 47; (3) Defendant's motion to modify the case schedule, ECF No. 48; (4) Plaintiff's motion for a protective order regarding deposition, ECF No. 50; and (5) Plaintiff's motion to compel further responses to written discovery, ECF No. 52. An informal conference was held before the undersigned on September 16, 2026, at 10:00 a.m., via Zoom. Plaintiff appeared pro se. Jeffery Isaacs, Esq., appeared for Defendant. This order memorializes the parties' agreements and the Court's orders concerning the pending matters.

First, as to Plaintiff's deposition, which is the subject of Defendant's motion to compel, ECF No. 47, and Plaintiff's motion for a protective order, ECF No. 50, the parties agreed at the informal conference that Plaintiff's deposition would be taken in person in Redding, California, on or before September 25, 2026, upon Defendant's proper notice. Given the parties' agreement, Defendant's motion to compel and Plaintiff's motion for a protective order are resolved.

Second, as to scheduling, the parties agreed that modification of the current scheduling order is warranted and that they would meet and confer and submit a stipulation to modify the

schedule. The Court orders that the stipulation be filed on or before September 28, 2026. Upon filing of the parties' stipulation, the Court will issue an order modifying the case schedule. Given the parties' agreement to submit a stipulation for modification of the case schedule, Plaintiff's motion for an order shortening time, ECF No. 46, and Defendant's motion to modify the case schedule, ECF No. 48, are resolved.

Finally, as to Defendant's responses to written discovery propounded by Plaintiff, defense counsel represented to Plaintiff and the Court at the informal conference that supplemental responses to Plaintiff's written discovery requests were served on Plaintiff on or about August 25, 2026. Plaintiff confirmed receipt of Defendant's supplemental responses and additional discovery materials. Plaintiff's motion to compel further responses to her written discovery requests, ECF No. 52, appears to be moot. The Court, therefore, denies Plaintiff's motion to compel without prejudice to renewal should Plaintiff believe that further responses are warranted following her review of materials already provided by Defendant.[1]

Accordingly, IT IS HEREBY ORDERED as follows:

1. In light of the parties' agreements, Plaintiff's motion to shorten time to bring a motion to compel, ECF No. 46, Defendant's motion to compel Plaintiff's attendance at her deposition, ECF No. 47, Defendant's motion to modify the case schedule, ECF No. 48, and Plaintiff's motion for a protective order regarding deposition, ECF No. 50, are resolved informally.

2. The Clerk of the Court is directed to terminate ECF Nos. 46, 47, 48, and 50 as pending motions.

3. Plaintiff's deposition shall take place in person in Redding, California, on or before September 25, 2026, on Defendant's proper notice.

[1] If Plaintiff decides to renew her motion to compel, she must first request an informal discovery conference consistent with the undersigned's standing order on disputes concerning discovery, which is available for review on the Court's public website. For the parties' convenience, the standing order is also appended to this order.

4. The parties shall meet and confer and submit a stipulation for modification of the case schedule on or before September 28, 2026.

5. Plaintiff's motion to compel further responses to written discovery, ECF No. 52, is denied without prejudice.

Dated: September 18, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE

STANDING ORDER

Disputes Concerning Discovery

Upon order of the Court or by agreement of the parties, Judge Deiss will resolve discovery disputes outside the formal motions process outlined in Eastern District of California Local Rule 251 by conducting an information discovery conference by remote means (i.e., telephonic or Zoom). Parties must engage in this process prior to filing a formal discovery motion.

A party with a discovery dispute shall first confer with the opposing party in a good faith effort to resolve the dispute without Court intervention. The parties must meet and confer in person or via telephone or video conferencing (i.e., a voice-to-voice dialogue). If such efforts fail to resolve the dispute, the prospective moving party may contact the undersigned's Courtroom Deputy Clerk, Jodi Palmer, at jpalmer@caed.uscourts.gov or (530) 246-5417 to request an informal conference with Judge Deiss. The prospective moving party, after having conferred with the opposing party, shall advise the Court of the dates and times in the next 3-14 days when all concerned parties are available for an information conference conducted by remote means (i.e., telephonic or Zoom). The Court will then issue a minute order advising counsel of the date and time, along with connection instructions.

At least 24 hours before the informal discovery conference, unless a different deadline is set in the minute order setting the conference, the parties shall file a joint letter brief explaining what meet and confer efforts have been undertaken and providing a brief synopsis of the discovery dispute. The joint letter brief shall not exceed 2 pages in length and shall be in at least 12-point type. The letter brief shall be emailed to icdorders@caed.uscourts.gov. No paper courtesy copy is required.

Following the informal conference, the Court may issue an order ruling on the issues presented. Alternatively, if it is determined that further briefing is needed to satisfactorily address the dispute, the Court may order the parties to file formal briefing pursuant to Local Rule 251.

Informal discovery conferences, as described above, will not necessarily be held on the record. However, parties are cautioned that the Court will maintain the power to issue monetary and other sanctions during such conference, including for failure to meet and confer in good faith or for abuse of the discovery process.